UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

QUYMINE BRYE,

     Plaintiff,

v.                                              Case No. 3:21cv839-MCR-HTC

PENSACOLA POLICE
DEPARTMENT, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff, Quymine Brye, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983 based on events associated with his state criminal action.  ECF Doc. 1.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

     On June 9, 2021, the clerk docketed Plaintiff's civil rights complaint, which was not on this Court's official form, and was unaccompanied by either a motion to

proceed *in forma pauperis* or the $402.00 filing as required by Local Rule 5.3. As such, on June 14, 2021, the Court entered an order directing the clerk to send Plaintiff a § 1983 Civil Rights form for prisoners and a form application to proceed *in forma pauperis* for prisoners. ECF Doc. 3. The Court also directed Plaintiff to, within twenty-one (21) days, file an amended complaint and to either file a complete application to proceed *in forma pauperis* or pay the $402.00 filing fee. *Id.* at 3. Plaintiff was warned that failure to comply with the Court's order as instructed may result in a recommendation that his case be dismissed. *Id.*

On June 16, 2016, the Court received Plaintiff's motion to proceed *in forma pauperis.* ECF Doc. 4. Plaintiff's motion, however, did not include a 6-month printout of the transactions in his inmate trust account or an executed financial certificate. *Id.* Thus, on June 24, 2021 the Court denied Plaintiff's motion to proceed *in forma pauperis* and gave Plaintiff an additional twenty-one (21) days to file a second, complete motion. ECF Doc. 5. Plaintiff was reminded that failure to comply with the Court's order may result in a recommendation that his case be dismissed. *Id.* at 2. Despite giving Plaintiff additional time to comply with the Court's orders and the Court's clear warning, Plaintiff did not file a second motion to proceed *in*

*forma pauperis* or an amended complaint as previously ordered and his time for doing so has passed. *See* ECF Doc. 3.

Thus, on July 23, 2021 the Court gave Plaintiff fourteen (14) days to show cause why his case should not be recommended for dismissal for failure to prosecute or comply with a Court order. *See* ECF Doc. 6. Plaintiff was advised, for the third time, that failure to respond to the Court's order may result in a recommendation that his case be dismissed. *Id.* Plaintiff's deadline to respond to the show cause order has passed without a response.

Accordingly, it is respectfully RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with Court orders.

2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of August, 2021.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.